UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.:

JOANNE AGRESTA, on her own behalf and
others similarly situated,

      Plaintiff,

v.

REGIONS BANK,
a foreign corporation;
REGIONS FINANCIAL CORPORATION,
a foreign corporation,

      Defendant.

_____/

## COMPLAINT

1.     Plaintiff, JOANNE AGRESTA (hereinafter referred to as "Plaintiff"), was an employee of Defendants, REGIONS BANK, a foreign corporation, and REGIONS FINANCIAL CORPORATION, a foreign corporation (collectively referred to as Defendants), and brings this action on behalf of herself and other current employees and former employees of Defendants similarly situated to her for overtime compensation and other relief under the Fair Labor Standards Act ( FLSA ), as amended, 29 U.S.C. §216(b).

2.     During the three (3) year statute of limitations period between March 2007 and August 2007, Plaintiff performed work for Defendants in one or more work weeks at REGIONS BANK in Hernando County, Florida in a position entitled  Financial Services Representative  that involved primary job duties that were non-exempt in nature.

3.     Defendants, REGIONS FINANCIAL CORPORATION and REGIONS BANK, own and/or

1

operate a business with multiple locations throughout the United States and the State of Florida, including in Hernando County, Florida. Therefore, Defendants are within the jurisdiction of this Court.

4.     Defendant, REGIONS FINANCIAL CORPORATION, through its subsidiary, REGIONS BANK, owns and operates approximately 1,900 banking offices in 16 states. This collective action includes all similarly situated employees of Defendants at any location in the United States.

5.     This action is brought to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorneys fees of this action under the provisions of the FLSA, 29 U.S.C. §216(b).

6.     Jurisdiction is conferred on this Court by 28 U.S.C. §1337 and by 29 U.S.C.§216(b).

7.     At all times material hereto, each Defendant had employed two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.

8.     At all times material hereto, the annual gross sales volume of each Defendant exceeds $500,000.00 per annum.

9.     At all times material hereto, each Defendant has been an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

10.    The additional persons who may become Plaintiffs in this action are Defendants' employees who have worked in the position of Financial Services Representative, however titled, at any REGIONS BANK in the United States and have worked in excess of Forty (40) hours

during one or more work weeks between February 2007 and the present but did not receive time and a half of their regular rate of pay for all of the hours they worked over Forty (40) in one or more work weeks, either because they were misclassified as exempt or because they were compelled to work off-the-clock after Defendants had reclassified the position as non-exempt.

11.     Plaintiff regularly worked in excess of Forty (40) hours per week in one or more weeks during her employment with Defendant while in the position of Financial Services Representative during the three (3) year statute of limitations period dating back to February 2007.

12.     Likewise, the other employees similarly situated to Plaintiff have regularly worked in excess of Forty (40) hours in one or more work weeks during their employment as Financial Services Representative with Defendants at REGIONS BANKS in Florida and across the United States in one or more work weeks between February 2007 and the present.

13.     However, Defendants did not pay time and one-half wages for all of the overtime hours worked by Plaintiff and the other employees similarly situated to her for their overtime hours worked between February 2007 and the present.

14.     Instead, Defendants misclassified Plaintiff and the other employees who have worked as Financial Services Representative at REGIONS BANKS across the United States as being exempt from the protections of the Fair Labor Standards Act, paying Plaintiff and the other similarly situated employees on a salaried basis without compensating them at time and one-half of their regular rate of pay for their overtime hours worked.  After reclassifying the position of Financial Services Representative as non-exempt, Defendants still failed to

3

compensate the Financial Services Representatives for all of their overtime hours worked by requiring them to work off-the-clock.

15.    Based upon information and belief, Defendants have failed to maintain records of the start times, stop times, actual hours worked each day, and total hours worked each week by Plaintiff and the other similarly situated employees for each work week between February 2007 and the present.

16.    Te complete records, if any, concerning the compensation actually paid to Plaintiff and the other similarly situated employees to Plaintiff are in the possession and custody of Defendants.

**COUNT I**

**RECOVERY OF OVERTIME COMPENSATION**

17.    Plaintiff readopts and realleges the allegations contained in Paragraphs 1 through 16 above.

18.    Plaintiff is entitled to be paid time and one-half of her regular rate of pay for each hour worked in excess of Forty (40) hours per work week during her employment with Defendants in the position of Financial Services Representative  within the three (3) year statute of limitations period dating back to February 2007.

19.    All similarly situated employees of Defendants are similarly owed their overtime rate for each overtime hour they ve worked and were not properly paid in one or more weeks between February 2007 and the present.

20.    Defendants have knowingly and willfully failed to pay Plaintiff and the other employees similarly situated to her at time and one-half of their regular rate of pay for all hours worked in excess of Forty (40) per week.

4

21.   By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (the named Plaintiff and those similarly situated to her) have suffered damages plus incurring costs and reasonable attorneys fees.

22.   As a result of Defendants' willful violations of the Act, all Plaintiffs (the named Plaintiff and those similarly situated to her) are entitled to liquidated damages.

23.   Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorneys fees and costs incurred in this action from Defendants.

24.   Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, JOANNE AGRESTA, and those similarly situated to her who have or will opt into this action, demand judgment against Defendants, jointly and severally, for the payment of all overtime hours at one and one-half their regular rate of pay due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys fees and costs of suit, and for all proper relief including prejudgment interest.

Dated: February 8, 2010          Respectfully submitted,
      Boca Raton, Florida

_____
Gregg I. Shavitz, Esquire
Florida Bar No. 11398
E-mail: gshavitz@shavitzlaw.com
Keith M. Stern, Esquire
Florida Bar No. 321000
E-mail: kstern@shavitzlaw.com
SHAVITZ LAW GROUP, P.A.
1515 South Florida Hwy, Suite 404
Boca Raton, Florida 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831
Attorneys for Plaintiff